No. 10012
Orleans Appeal

TIMES-PICAYUNE PUBLISHING CO. v. FRANKLIN MOTOR CO., Appellant

(June 8, 1925, Opinion and Decree.)

(*Syllabus by the Court.*)

1. **Louisiana Digest—Evidence—Par. 345, 351.**

Where two witnesses, each testifying in support of his interest in the litigation, give contradictory evidence, the Court will credit the witness whose evidence is supported by the surrounding circumstances.

2. **Louisiana Digest — Appeal—Par. 715, 729.**

Where plaintiff, sues for an advertising account and establishes defendant's liability therefore, but fails, through inadvertence of counsel, to prove the amount due, the case will be remanded to admit such proof.

Appeal from First City Court of the City of New Orleans, Section "A", Hon. W. Alexander Bahns, Judge.

This is a suit for the cost of advertising. Judgment for plaintiff. Defendant appealed. Judgment reversed and remanded.

Lawrence M. Janin, attorney for plaintiff, appellee.

Charles J. Rivet, attorney for defendant, appellant.

WESTERFIELD, J. This is a suit for the cost of advertising. The defendant admits the publication, but denies having authorized the advertisements. There was judgment for plaintiff and defendant has appealed.

The case turns upon the effect to be given to the testimony of two witnesses, Edward R. Musso and Lee Mowe. Musso, one of the defendants, was the partner of Raoul V. DeGruy, his co-defendant, in an automobile agency business, conducted under the name of the Franklin Motor Company

for the purpose of selling Franklin automobiles manufactured by the Franklin Motor Car Company of New York. Musso managed the business and DeGruy financed it giving only casual attention to its affairs. Mowe was the advertising solicitor of the plaintiff and claims to have received the data for the advertisement from Musso. The claim of plaintiff relates to three advertisements, two for which the sum of $8.84 is claimed, refer to the sale of a second hand Peerless car. We cannot allow these items. Defendants dealt in Franklin care exclusively, except when other makes were taken in trade. There is nothing to corroborate Mowe's statement that the copy was handed him by Musso, and Musso declares they never had a Peerless car in their place during the year and a half they were in business. It might well be, as suggested by Musso, that the advertisement was given Mowe by some other dealer and mistakenly attributed to defendants.

As to the other items, for which $150.00 is claimed, we are of opinion that it was properly charged to defendants. It is true that Musso denies having authorized its publication and that DeGruy testifies that he had instructed Musso to stop all advertisements because of the contemplated liquidation of the partnership, and that no witness corroborates Mowe's testimony. Nevertheless, the surrounding circumstances sustain plaintiff's contention. Mowe testifies that at the time the data for this advertisement was given him by Musso, two photographs, one of DeGruy and one of Musso, together with extensive biographical notes, was also handed him by Musso for use by plaintiff in the preparation of a "news story". He further testifies that he drove with Musso to the home of a Mr. McCarthy in City Park, where a photograph of a Franklin car was taken which was also to be used in connection with the "news story". When Musso was on the stand he makes no reference to the trip to City Park and when asked whether he gave Mowe the biographical data and photographs of himself and partner, he says, "not that I remember at that time".

When the advertisement appeared, the biography and photographs of Musso and DeGruy also appeared in the same issue of the newspaper and on the opposite side of the page as did also the photograph of the Franklin car alleged to have been taken in City Park. Moreover, the Franklin Motor Company had advertised periodically in the plaintiff newspaper prior to the appearance of the advertisements, for the cost of which this suit is brought. Whether Musso had been instructed by DeGruy to discontinue all advertisements is imaterial unless knowledge of that fact can be charged to plaintiff. Plaintiff's agent was justified in relying on Musso's authority to act for the partnersip since the advertisement related to partnership affairs and as a matter of fact, he was admitedly the managing partner. We conclude that defendants are liable to plaintiff for the value of the advertising. But there is nothing in the record to show what defendant should pay for the advertisement. $150.00 is claimed, but is not pretended that this price was agreed upon, nor is there any evidence that it is a fair charge. The affidavit of plaintiff's credit manager attached to the petition, if admissible at all, was not offered in evidence and cannot be considered. We think that in the interest of justice, the case should be remanded.

For the reasons assigned, the judgment appealed from is reversed and the case is remanded for further proceedings not inconsistent with the views herein expressed, plaintiff to pay the cost of this appeal and all other costs to await the final disposition of the case.